147 So. 61

**PRUDHOMME et al. v. FEDERAL LAND BANK OF NEW ORLEANS.**

No. 31616.

Feb. 27, 1933.

Rehearing Denied March 27, 1933.

Bond, Curtis, Hall & Foster, of New Orleans, for appellant Federal Land Bank of New Orleans.

C. B. McClung, of Natchitoches, for appellees.

ROGERS, Justice.

On August 7, 1924, by act before H. L. Hughes, notary public, E. St. Anne Prudhomme granted a mortgage, importing a confession of judgment, on a tract of land containing 202.96 acres, of record in his name in the parish of Natchitoches, in favor of the Federal Land Bank of New Orleans, to secure $3,700, which he borrowed from the bank.

On July 26, 1930, the mortgagor defaulted, and the mortgagee instituted foreclosure proceedings under which the mortgaged property was seized and advertised for sale. Prudhomme, the mortgagor, sought to enjoin the sale, on the sole ground that the bank had granted him an extension until January 1, 1931, for the payment of his debt. Plaintiff's suit was dismissed by the court below, and its judgment was affirmed by this court. Prudhomme v. Federal Land Bank of New Orleans, 172 La. 399, 134 So. 372.

Shortly after the mortgagor's suit was disposed of by this court, and before the mortgaged property could be advertised and sold in the foreclosure proceeding, the present suit to enjoin the sale was instituted by the Misses Emmeline, Eulalie, and Lillian Prudhomme, sisters of E. St. Anne Prudhomme, the mortgagor and plaintiff in the first injunction suit.

The Misses Prudhomme, in their petition, alleged that the mortgage given by their brother, E. St. Anne Prudhomme, to the Federal Land Bank was obtained by fraud on the part of the bank, but no specifications of the fraud charged are set forth. The petitioners also alleged their ownership of the land in dispute, asserting that they had inherited it from their father.

Judge James W. Jones, Jr., who had succeeded Judge J. S. Stephens, as judge of the Tenth district court, issued a restraining order, and, after a trial on the merits, rendered a judgment in plaintiff's favor perpetuating the preliminary injunction theretofore issued. From this judgment the defendant bank has appealed.

■ Before formally pleading in the case, counsel for the defendant bank moved that Judge Jones, who tried the case, recuse himself for the reason, among others, that he had represented E. St. Anne Prudhomme in his injunction suit against the bank. This motion was heard and denied by a local attorney, to whom it was referred by Judge Jones. Counsel for the bank has not urged the motion to recuse before this court, and we shall therefore disregard it and pass to the consideration of the merits of the case.

According to the parish records, the three

plaintiffs sold the property in dispute to their brother, E. St. Anne Prudhomme, on June 10, 1921, and expressly ratified that sale twice; on August 1, 1921, and on June 14, 1923. The sale and first ratification were executed and recorded more than three years prior to the date of the mortgage in favor of the bank; and the second ratification was executed and recorded more than one year prior to the mortgage. Certified copies of these acts are in the record, and show that they were executed before the same notary.

■ Nowhere in their pleadings have plaintiffs specified any fraud, or set forth any facts showing fraud, on the part of the Federal Land Bank. And on the trial of the case plaintiff made no attempt whatever to sustain their charge of fraud against the bank. Plaintiffs confined themselves solely to an attempt to show, over defendant's obviously sound objection, that their signatures to the deed of June 10, 1921, were forgeries. This is the deed which purports to convey plaintiffs' title to the property in dispute to their brother, E. St. Anne Prudhomme. No charge of forgery is set forth in plaintiff's petition, although the deed which they sought to discredit on the trial of the case is annexed to and made part of the petition, and their effort to sustain the charge of forgery by the testimony was wholly unsuccessful.

The notary before whom the original act of sale of June 10, 1921, was executed by the three plaintiffs to their brother, E. St. Anne Prudhomme, testified that Prudhomme, the vendee, his friend and brother lawyer, presented the deed to him and assured him in the presence of witnesses in his office that his sisters, the plaintiffs here, had signed the in-

strument. The only one of the two witnesses who had attested the deed that was called as a witness in the case testified to the same effect. The notary did testify, however, that the two acts of ratification executed before him on August 1, 1921, and June 14, 1923, were signed by the plaintiffs in his presence.

E. St. Anne Prudhomme testified on behalf of plaintiffs, but his testimony is so evasive and contradictory as not to be worthy of belief. He was shown the signatures purporting to be those of his three sisters affixed to the act of sale of the property to himself, and stated that he was unable to state whether they were genuine signatures or not. He was also shown on cross-examination a certified copy of an act of sale executed by him on June 2, 1925, before J. W. Jones, Jr., notary public, the present district judge, in which he undertook to retransfer to his three sisters the property which the record shows they had conveyed to him on June 10, 1921, and asked by defendant's attorney why, if he didn't own the land, did he sell it back to his sisters; and his answer was that he didn't remember anything about that, and the record is the best evidence. And E. St. Anne Prudhomme, as plaintiff in his injunction suit against the Federal Land Bank, positively swore that he was the owner of the property described in his petition, which is the same property in dispute in this suit.

The only one of the three plaintiffs that took the witness stand was Miss Lillian Prudhomme. Her testimony by no means shows that her own and her sister's signatures to the deed of June 10, 1921, are not genuine.

The substance of her testimony is that she does not know whether the signatures to the deed are genuine or not. She testified that she did not know whether she had ever transferred the place on Red river (the property in dispute) to her brother or not. She admitted, however, that the signatures of her sisters and herself affixed to the two acts of ratification were their genuine signatures.

The witness testified that her brother always attended to the business of herself and her sisters, and they never knew much about it. She admitted that she might have signed the act of sale to her brother without reading it carefully; and she also testified that her brother was authorized by her and her sisters to execute the mortgage in favor of the Federal Land Bank.

Our conclusion is that plaintiffs have not shown themselves entitled to the relief granted them by the court below, and that the judgment of that court cannot be permitted to stand.

For the reasons assigned, the judgment herein appealed from is annulled, and it is now ordered that there be judgment in favor of defendant, the Federal Land Bank of New Orleans, and against the plaintiffs, Misses Emmeline, Eulalie, and Lillian Prudhomme, rejecting plaintiffs' demands and recalling the injunction herein issued restraining the defendant from seizing and selling the mortgaged property under its foreclosure proceeding; costs to be paid by the plaintiffs.

ST. PAUL, J., absent on account of illness, takes no part.